Hon. David G. Estudillo
NOTE FOR CONSIDERATION: February 3, 2023

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ALEJANDRO CALDERON,<br><br>                  Plaintiff,<br><br>v.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP,<br><br>                Defendant. | NO.: 3:22 cv 05962 DGE<br><br>DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO Fed.R.Civ.P 12(b)(6) |

For the reasons stated below, Defendant Linebarger Goggan Blair & Sampson, LLP ("LGBS") moves to dismiss the complaint without leave to amend, pursuant to Fed.R.Civ.P 12(b)(6).

**I.     INTRODUCTION**

Defendant sought to collect two red light infractions on behalf of the City of Fife, WA. Plaintiff responded to his obligation by filing this action under the Fair Debt Collection Practices Act. For the reasons stated below, the claim lacks legal merit. LGBS is entitled to dismissal as a matter of law.

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 1

[3:22 cv 05962 DGE]

KETTER SHEPPARD & JACKSON, LLP
50 – 116ᵀᴴ AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

## II. AGRUMENT

**A. Plaintiff Has Not Satisfied the Pleading Standards Under Fed.R.Civ.P 12(b)(6).**

Under Federal Rule of Civil Procedure Rule 12(b)(6), the court must dismiss a complaint where the complaint fails to state a claim on which the court can grant the relief requested. Dismissal is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F. 2d 1542, 1550 (9th Cir. 1989) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."); *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *Dejeu v. Washington State Dep't of Labor & Indus.,* C13-5401RBL, 2013 WL 5437649, at *1 (W.D. Wash. Sept. 27, 2013). See also, Fed. R. Civ. P. 8(a) (A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is *facially plausible* when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 2

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]

the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Finally, "[A]lthough pro se litigants…are not held to the same pleading standards as attorneys, any complaint must be sufficiently clear to advise a named defendant of the law he has allegedly violated and of the facts demonstrating that violation." *Vien Phuong Thi Ho v. Nationstar Mortg., LLC*, 2020 U.S. Dist. LEXIS 243912, at *17 (C.D. Cal. Dec. 29, 2020) (emphasis added) (citing *Nicolescu v. United Nations Org*., 2005 U.S. Dist. LEXIS 58847, 2005 WL 8156275, at *2 (C.D. Cal. Feb. 2, 2005)).  Accordingly, " [T]here is a limit to the indulgence of the law, and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action." *Id*.  Plaintiff's Complaint fails to meet the minimum standards needed to avoid dismissal.

**B. LGBS is Not A Debt Collector, as Defined in the Fair Debt Collection Practices Act.  The Fair Debt Collection Practices Act Does Not Apply.**

i.  <u>Overview of the Fair Debt Collection Practices Act</u>.  The Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) applies only to debt collectors, and a debt collector is one who attempts to collect  consumer debt.  For the reasons below, the obligation LGBS sought to collect is not a consumer debt.  Since the obligation is not a consumer debt, LGBS was not acting as a debt collector.  Because LGBS was not acting as a debt collector in this instance, the Fair Debt Collection Practices Act does not apply to its conduct.

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 3

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]

ii. <u>The Underlying Obligations are not "Debts" under the Fair Debt Collection Practices Act</u>.

15 U.S.C.A §1692a(5) defines a "debt" as follows:

any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Debts are consensual consumer obligations where parties negotiate or contract for consumer-related goods or services. *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir.2004). Compare *Franklin v. Parking Revenue Recovery Services, Inc.*, 832 F.3d 741 (7th Cir 2016) (Collection of parking violations arises out of a contractual obligation to pay for parking space is a "debt") with *Gulley v. Markoff & Krasny,* 664 F.3d 1073 (7th Cir 2011) (collection of fine for zoning violations is not a debt). See also, *Herrera v. AllianceOne Receivable Mgmt., Inc.,* 2015 WL 3796123, at *7 (S.D. Cal. June 18, 2015) ("Traffic fines do not result from consensual consumer transactions, and, therefore, are not "debts" within the meaning of the Fair Debt Collection Practices Act and Rosenthal[1] Act").

The complaint in this case alleges that LGBS sought to collect fines arising from two red-light violations that occurred in the City of Fife on June 3, 2021 and June 28, 2021.[2] As directed by *Turner v. Cook, supra,* and *Herrera v. Alliance One, supra,* these obligations are not "debts" to which the Fair Debt Collection Practices Act applies.

---

[1] The Rosenthal Act is California's equivalent to the Fair Debt Collection Practices Act.

[2] Complaint ¶27 and Exhibits D and E to the Complaint

MOTION TO DISMISS COMPLAINT WITH
PREJUDICE PURSUANT TO Fed.R.Civ.P
12(b)(6) - 4

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]

Since the underlying obligations are not "debts," in this instance LGBS was not acting as a debt collector.[3]

In Count I of the complaint, Plaintiff alleges that LGBS violated 15 U.S.C. § 1692g(b) by attempting to collect a debt that was disputed but which was not validated[4], and in Count II that LGBS violated 15 U.S.C. § 1692f(1) by attempting to charge and collect interest[5]; other than the FDCPA, no basis for liability is pled.  However, since the Fair Debt Collection Practices Act governs only the conduct of debt collectors collecting debts, and because traffic fines are not debts, it has no application here.  Dismissal is warranted.

   iii. <u>The Court Should Dismiss the Complaint with Prejudice</u>.  Where allowing a plaintiff to amend his complaint would be futile, the court should dismiss with prejudice. *Forsman v. Port of Seattle,* 2021 WL 4476866, at *2 (W.D. Wash. Sept. 30, 2021).  Since the underlying obligation is not a "debt" under the Fair Debt Collection Practices Act, there is no set of facts on which plaintiff can base a meritorious claim.  As such the court should dismiss this action with prejudice.

---

[3] 15 U.S.C.A 1692a(6) defines a debt collector, and incorporates in its definition the defined term "debt." It reads in relevant part,  "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts…"

[4] Complaint ¶30
[5] Complaint ¶33

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 5

[3:22 cv 05962 DGE]

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

### III.   CONCLUSION

For the foregoing reasons, the court should dismiss the complaint with prejudice.

Dated:  January 4, 2023.

              KETTER SHEPPARD & JACKSON, LLP

              */s/ Andrew D. Shafer*
              Andrew D. Shafer, WSBA No. 9405
              Attorney for Defendant LGBS
              50 - 116th Ave SE; Suite 201
              Bellevue, WA  98004
              Direct: 206.330.2054; Main: 206.382. 2600
              e-mail: ashafer@sksp.com

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 6

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]

**CERTIFICATE OF DELIVERY**

I certify that a true, correct and complete copy of the foregoing Fed.R.Civ.P 12(b)(6) Motion against plaintiff was electronically filed with the court using its electronic filing system and a copy was delivered through the USPS to plaintiff pro se as follows:

Alejandro Calderon
1309 E 58TH ST
TACOMA, WA 98404

Dated at Everett, Washington:        January 4, 2023.

*/s/ Andrew D. Shafer*
Andrew D. Shafer, WSBA # 9405

MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO Fed.R.Civ.P 12(b)(6) - 7

[3:22 cv 05962 DGE]

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600