1

Hon. David G. Estudillo
NOTED FOR CONSIDERATION:  FEBRUARY 3, 2023

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

7

8    ALEJANDRO CALDERON,

NO.: 3:22 cv 05962 DGE

9                            Plaintiff,

DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS

10   v.

11   LINEBARGER GOGGAN BLAIR &
     SAMPSON, LLP,

12
                             Defendant.

13

14        Linebarger Goggan Blair & Sampson ("LGBS") submits the following Reply to

15   Plaintiff's Opposition to LGBS' Fed.R.Civ.P 12(b)(6) Motion to Dismiss the Complaint with

16   Prejudice.

17                          I.        INTRODUCTION

18        On December 19, 2022, Plaintiff served this action on LGBS alleging violations of

19   the Fair Debt Collection Practices Act, 15 U.S.C.A 1692 et seq.  In response, on January 4,

20   2023, defendant filed a 12(b)(6) motion to dismiss the complaint with prejudice.  Plaintiff has

21   timely responded to the motion.  In opposition, plaintiff has attempted to introduce two

22

23   LGBS REPLY TO PLAINTIFF'S
     OPPOSITION TO MOTION TO DISMISS - 1

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

     [3:22 cv 05962 DGE]

exhibits (identified as Exhibits F and G to plaintiff's opposition) to prove that LGBS is a debt collector because it is so licensed in Washington State.

## II.   ARGUMENT

a.   <u>The Court Must Disregard Exhibits F and G</u>.  A motion to dismiss tests the sufficiency of the complaint's allegations.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' [citation omitted]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  When the court considers a 12(b)(6) motion to dismiss, its review is limited to the complaint.  *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

If the court does consider extrinsic evidence, the motion is converted to a motion for summary judgment.  Fed.R.Civ.P 12(b)(6);  *Lee v. City of Los Angeles, Id.* at 688.

If the court does consider extrinsic evidence outside of the initial pleadings, such evidence must be admissible under Fed.R.Civ.P 56(a) standards.  *St. Paul Fire & Marine Ins. Co. v. Hebert Const., Inc*., 450 F. Supp. 2d 1214, 1223 (W.D. Wash. 2006).  For the court to consider extrinsic evidence, it must be relevant.  *Lennar Mare Island, LLC v. Steadfast Ins. Co.,* 176 F. Supp. 3d 949, 964 (E.D. Cal. 2016).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Ev. 401.

Whether LGBS is licensed as a debt collector (as shown by Plaintiff's proffered Exhibits F and G) is irrelevant because the underlying obligation is not a "debt" as the Fair

LGBS REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS - 2

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]

Debt Collection Practices Act defines that word.[1]  Since the underlying obligation on which LGBS sought recovery was not a "debt," by definition LGBS is not a debt collector.  See, 15 U.S.C.A §1692a(6).  Accordingly, since by statutory definition LGBS is not a debt collector, Exhibits F and G are not relevant.  The court should disregard them.

      b.   <u>Plaintiff has Failed to Rebut the Motion</u>.  Plaintiff bases his argument on a misunderstanding of the Fair Debt Collection Practices Act.  The Act only applies to the conduct of debt collectors.  See, for *e.g.,* 15 U.S.C.A §1692e, 15 U.S.C.A §1692f and 15 U.S.C.A §1692g.  Liability under all three statutes is premised on the defendant being a "debt collector."   See also, *Calderon v. Dynamic Collectors, Inc.*, No. C17-5321RBL, 2017 WL 2806858, at *2, 2017 U.S. Dist. LEXIS 101344, at *5 (W.D. Wash. June 29, 2017) (in an unrelated lawsuit that this plaintiff filed against a different collection agency, the Honorable Ronald B. Leighton, retired, held, "A traffic fine is not a consensual transaction. The FDCPA does not apply to [the collection of a traffic] fine.").

      Nothing in the plaintiff's opposition refutes LGBS' argument that, *in this case,* it is not a debt collector because the underlying traffic citations on which it seeks payment are not "debts" under the Fair Debt Collection Practices Act.  Thus, even if the court considers Exhibits F and G, the outcome is unchanged.  No amendment to the complaint will change this outcome.  Dismissal with prejudice is appropriate.

---

[1] See LGBS Motion to Dismiss (Dkt #6) at pages 3-5

LGBS REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS - 3

[3:22 cv 05962 DGE]

### III.   CONCLUSION

The court should disregard Exhibits F and G proffered by the plaintiff because these exhibits are not relevant.  As such, they fail the threshold test of admissibility even if the court converts this to a motion for summary judgment.

Even if the court allows Exhibits F and G, these exhibits do not undermine the essential character of the obligations.  They are not "debts."  Since the underlying obligations on which LGBS sought recovery are not debts, LGBS is not a debt collector and the Fair Debt Collection Practices Act does not apply.

The court should, therefore, grant the motion to dismiss with prejudice because no amended complaint can convert the character of the obligation from a fine/penalty  to a consensual obligation (i.e., a "debt").

Dated January 30, 2023.

KETTER SHEPPARD & JACKSON, LLP

*s/ Andrew D. Shafer*
Andrew D. Shafer, WSBA No. 9405
Attorney for Defendant LGBS
50 - 116th Ave SE; Suite 201
Bellevue, WA  98004
Direct: 206.330.2054; Main: 206.382. 2600
e-mail: ashafer@sksp.com

LGBS REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS - 4

[3:22 cv 05962 DGE]

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

**CERTIFICATE OF DELIVERY**

I certify that a true, correct and complete copy of the foregoing **LGBS Reply to Opposition to Motion to Dismiss** was electronically filed with the court using its electronic filing system and copies were delivered through the USPS to plaintiff, pro se as follows:

1309 E 58TH ST
TACOMA, WA 98404

Dated at Everett, Washington:  January 30, 2023

_/s/ Andrew D. Shafer_
Andrew D. Shafer, WSBA # 9405

LGBS REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS - 5

KETTER SHEPPARD & JACKSON, LLP
50 – 116TH AVENUE SE; SUITE 201
BELLEVUE, WA 98004
DIRECT: (206) 330-2054; MAIN: (206) 282-2600

[3:22 cv 05962 DGE]