UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEJANDRO CALDERON,<br><br>                 Plaintiff,<br>    v.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP,<br><br>                 Defendant. | CASE NO. 3:22-cv-05962-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 6) |

Presently before the Court is Defendant Linebarger Goggan Blair & Sampson LLP's ("LGBS") motion to dismiss for failure to state a claim upon which relief can be granted. (Dkt. No. 6.) For the reasons stated below, the Court GRANTS the motion to dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2022, Plaintiff filed a complaint in this court pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). (Dkt. No. 1.) Plaintiff contends Defendant violated the FDCPA in attempting to collect, on behalf of the City of Fife, fines stemming from traffic violations that occurred in Fife in June 2021. (*Id*.)

On January 4, 2023, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 6.)  In its motion, LGBS contends that the provisions of the FDCPA do not apply in this case because the traffic fines incurred by Plaintiff are not "debts" as that term is defined in the statute.  (*Id.*)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).

## III. DISCUSSION

### A. Material Outside the Pleadings

Defendant asks the Court to disregard certain exhibits attached to Plaintiff's response.  (Dkt. No. 9 at 2-3.)  Subject to certain exceptions, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).

As discussed below, the question before the Court is whether the traffic fines Defendant seeks to collect constitute "debts" for purposes of the FDCPA.  The Court need not consider any of the exhibits attached to Plaintiff's pleadings to resolve this question.

### B. The Fair Debt Collection Practices Act

In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers. *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004). The Act allows aggrieved parties to recover damages, attorney's fees and costs. 15 U.S.C. § 1692k(a).

Because not all obligations to pay are considered debts under the FDCPA, the court must determine, as a threshold matter, whether a suit brought pursuant to the Act involves a "debt" within the meaning of the statute. *Turner*, 362 F.3d at 1227, citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir.2001).

The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The Act defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." *Id*. § 1692a(3). The Act does not define "transaction", but the Ninth Circuit has held the Act is limited in reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Turner*, 362 F.3d at 1227.

Courts in the Ninth Circuit and elsewhere have generally found traffic fines do not arise from consensual transactions as required for an obligation to constitute a "debt" under the FDCPA. *Yazo v. Law Enforcement Sys., Inc.*, Case. No. CV-803512-DDP (AGRX), 2008 WL 4852965, at *2 (C.D. Cal. Nov. 7, 2008) (collecting cases for the proposition that a fine incurred for violating the law is not the result of a consensual transaction and cannot constitute a "debt" for purposes of the FDCPA); *Herrera v. AllianceOne Receivable Mgmt., Inc.*, Case No. 14-cv-

1844-BTM, 2015 WL 3796123, at *7 (S.D. Cal. June 18, 2015) (traffic fines do not result from consensual consumer transactions, and are therefore not "debts" within the meaning of the FDCPA); *Calderon v. Dynamic Collectors, Inc.*, Case No. C17-5321-RBL, Dkt. No. 13 (W.D. Wash. 2017) (same); *Stubbs v. City of Ctr. Point, Ala.*, 988 F.Supp.2d 1270, 1276 (N.D.Ala.2013) (a traffic ticket is not a "debt" under the FDCPA because it is not the product of a consumer transaction, but is instead thrust upon its recipient because of inattention to traffic laws).

Because traffic fines do not constitute "debts" for purposes of the FDCPA, the statute does not apply to Defendant's effort to collect the fines. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and Defendant's motion is GRANTED.

**C. Leave to Amend**

In his response, Plaintiff suggests the Court may grant him leave to amend his complaint. (Dkt. No. 8 at 1.)

When considering a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–196 (9th Cir. 1988).

Here, the Court finds that amendment would be futile. The facts of this case are not in dispute. The only question before the Court is whether Plaintiff's traffic fines qualify as "debts" that would be subject to the provisions of the Fair Debt Collection Practices Act. They do not,

and there are no additional facts that Plaintiff could plead to cure the complaint. As such, this case is DISMISSED with prejudice and without leave to amend.

### IV.	ORDER

Defendant's motion to dismiss (Dkt. No. 6) is GRANTED. This case is DISMISSED with prejudice and without leave to amend.

Dated this 21st day of March, 2023.

David G. Estudillo
United States District Judge